UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANEE PURVEY-ALBERT,

Plaintiff,

v.

KONE, INC.,

Defendant.

Case No. 26-10409
Honorable Laurie J. Michelson

**ORDER DENYING MOTION FOR RECONSIDERATION [27]**

On March 11, 2024, Lanee Purvey-Albert says she was injured while exiting an elevator as she was transporting food into the Wayne County Jail. (ECF No. 1-2, PageID.13–15.) She filed suit in Michigan state court against her then-employer, Summit Food Service, LLC, Summit Correctional Services, and Elior North America (the “employer defendants”), as well as against Wayne County, and Kone, Inc., the manufacturer of the elevator at issue. (*Id.*) Purvey-Albert and Wayne County entered a stipulated order of dismissal without prejudice. (ECF No. 8, PageID.423.) And the state court granted summary disposition to the employer defendants in an oral ruling. (*Id.*)

On February 5, 2026, Kone, the only remaining defendant and a non-Michigan entity, removed the case to this Court under 28 U.S.C. § 1446(b). (ECF No. 1, PageID.2–4.) The following day, Kone moved for leave to file a notice of nonparty at

fault as to the dismissed Wayne County and employer defendants. (ECF No. 3.)[1] Plaintiff opposed the motion on timeliness grounds. (ECF No. 9.) The Court held a hearing on Kone's motion (ECF No. 22) and granted it as to Wayne County but denied it as to the employer defendants. (ECF No. 23.) The Court concluded that the request to name the employer defendants as non-parties at fault was timely but that Kone's argument about their duty of care—to maintain a safe workplace—failed because the employer defendants did not have possession or control of the Wayne County Jail. (*Id.*; *see also* ECF No. 27-4 (transcript of hearing on Kone's motion).)

Kone now moves for reconsideration of that order. (ECF No. 27.) The Court directed Purvey-Albert to respond and allowed Kone to reply. (Text Orders Dated July 7 and 21, 2026.) The motion is now fully briefed (ECF Nos. 27, 28, 30) and can be resolved without further argument. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is DENIED.

## I.

In federal court, "[m]otions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2). They may be brought when, among other things, "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." *Id.* at (h)(2)(A).

[1] Purvey-Albert filed a motion for reconsideration asking this Court to reconsider the state court's order dismissing the employer defendants. (ECF No. 8.) The Court denied that motion. (ECF No. 17.)

Kone contends the Court made both a mistake of fact and law. (ECF No. 27, PageID.611.) On the facts, Kone argues the Court did not consider "the whole of Plaintiff's allegations[,]" which, in its view, establish an additional—newly argued—duty of care to provide Purvey-Albert with a non-defective transportation cart for transporting food at the Wayne County Jail. *(Id.* at PageID.612–617.) And on the law, Kone argues that the Court relied on inapposite cases. (*Id.* at PageID.617–619.)

Neither persuade.

## II.

First and foremost, "[a] motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to *re*consider those arguments already presented." *Glen Elec. Holdings, GmbH v. Coolant Chillers, Inc.*, No. 10-1109, 2012 WL 13018610, at *1 (W.D. Mich. Dec. 7, 2012) (emphasis in original). That is because parties "have an obligation to put the arguments before the court prior to a ruling, not afterward." *Bray v. Dog Star Ranch, Inc.*, No. 08-1005, 2010 WL 1418429, at *3 (W.D. Mich. Apr. 7, 2010). But that is the essence of Kone's motion for reconsideration—it rests on an argument that was not presented in its motion for leave to file a notice of nonparty at fault.

In that motion, Kone argued that the employer defendants had one duty: to maintain a safe workplace. (*See* ECF No. 3, PageID.387 ("An employer has a duty to provide a reasonably safe workplace for its employees"); *id.* ("It is well established in Michigan that an employer has a common-law duty to provide a reasonably safe

workplace for its employees." (citations omitted)); *id.* at PageID.388 ("The [Workers Disability Compensation Act], however, does not divest an employer of its legal duty to provide and maintain a reasonably safe workplace for its employees."); *id.* at PageID.384 (arguing that the employer defendants' "dismissal from this lawsuit does not divest their legal duties to provide a reasonable safe workplace for . . . their employees."). Given its focus on a safe workplace, rather than safe equipment or tools used at the workplace, it makes sense why the word "cart" appears only once in the motion for leave—and in the context of Kone's safe workplace argument. (*See* ECF No. 3, PageID.381.) And so too for the word "equipment." (*See id.* at PageID.387.) Indeed, there is not a single reference to any faulty or defective wheels on the transportation cart in Kone's motion for leave. (*See generally id.*) And even during the hearing on its motion, Kone did not advance any argument about any duty of care involving the transportation cart. (*See generally* ECF No. 27-4 (transcript of argument on Kone's motion for leave with no mention of the words "wheel," "cart," "transportation," or "defect").)

Yet now on reconsideration after the Court's ruling, Kone argues the employer defendants also had a duty of care with respect to the transportation cart. (ECF No. 27.) It bases this new position not on any earlier argument advanced in its motion for leave, but instead on "Plaintiff's allegations." (*Id.*) So, in Kone's view, "the Court mistakenly focused solely on where the injury occurred while ignoring *Plaintiff's allegations* as to how and why the injury occurred with respect to the transportation cart." (*Id.* at PageID.615 (emphasis added).) The same is true for its argument on the

law. Kone contends that "even if" the employer defendants "had no control over the area where [Purvey-Albert's] alleged injury occurred (the jail)" they still "had control over the transportation cart, had a duty to keep the cart in good repair, had knowledge that the cart was defective, and nonetheless required [her] to use the cart on the day in question." (*Id.* at PageID.619.)

But, as described above, Kone never raised this argument in connection with its motion for leave. And the Court did not err by not making the argument for them. *See In Re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 143 F.4th 718, 725 (6th Cir. 2025) ("In our adversarial system, we follow the principle of party presentation, which means that we 'rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'") (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).

This new argument will thus not serve as a basis for reconsideration because "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011); *see also In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) ("[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited.") (quoting *United States v. Huntington Nat'l Bank,* 574 F.3d 329, 331–32 (6th Cir. 2009)). And Kone does not maintain that it was unable to raise this argument in its motion for leave. (*See generally* ECF No. 27.)

The result: Kone is not entitled to reconsideration based on the Court's alleged failure to consider an argument that Kone did not raise.

## III.

For the reasons provided above, Kone's motion for reconsideration (ECF No. 27) is DENIED.[2]

IT IS SO ORDERED.

Dated: August 7, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

[2] The Court reserves further decision on this matter, but it is likely Kone will still be able to make a causation argument based on an alleged defective cart without needing the employer defendants added as nonparties at fault.